**SPELLMAN, Admr., Appellant, v. KILBOURNE, Exr., Appellees, BACKENSTOE et, Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21883.   Decided July 17, 1950.

Hartshorn, Thomas, Abele, Mitchell & Edelman, Howell Leuck, Cleveland, for appellant James R. Spellman, Admr.

Harrison, Thomas, Spangenberg & Hull, Cleveland, Henry L Scarlett, Columbus, for appellee.

Benjamin F. Levinson, Nelson Moss, Columbus, for appellants Willard Backenstoe, Julia Meagher and Herman Murnane.

(HUNSICKER, PJ, and DOYLE, J, of the Ninth District, and FESS, J, of the Sixth District, sitting by designation in the Eighth District.)

**OPINION**

By HUNSICKER, PJ.

On May 13, 1949, appellant James R. Spellman, as administrator of the estate of Maurice Patrick Murnan, deceased, filed in the Common Pleas Court of Cuyahoga County, Ohio, a petition to vacate a decree of divorce granted to one Grace Daugherty Backenstoe, now deceased. The petition alleged that: such decree of divorce was entered on November 7, 1912 by the Court of Insolvency, Cuyahoga County, Ohio, wherein Grace Backenstoe was granted a divorce from her then husband, George Backenstoe; Grace Backenstoe claimed, prior to her death in November, 1939, to be the wife of Maurice Patrick Murnan, and, as such wife, claimed (at the time of the filing of the petition), through the executor of her last will and testament, to have an interest in the estate of the said Murnan, who died in May, 1937; that such decree of divorce awarded Grace Backenstoe was invalid and of no legal effect for the following reasons, to wit: "the Court of Insolvency of Cuyahoga County had no jurisdiction to receive and consider the said cause," said Grace Backenstoe was a resident of Franklin County at the time she sought to invoke the jurisdiction of the Court in Cuyahoga County, and "there was perpetrated on" such Court of Insolvency "fraud of such nature as to cause the record to * * * show a judgment or decree" of divorce "which is invalid."

The petition asked that such decree of divorce granted to Grace Backenstoe on November 7, 1912, be vacated, set aside, and rendered null and void.

Raymond W. Kilbourne, the executor under the last will of the estate of Grace Backenstoe Murnan, filed an answer to the petition of James R. Spellman, administrator of the estate of Maurice Patrick Murnan, and alleged that: Grace Daugherty Backenstoe secured a judgment of divorce from the Court of Insolvency of Cuyahoga County, Ohio, from George Backenstoe on November 7, 1912; that said judgment was a final, conclusive, immutable and valid adjudication of the marital status of the said Grace Backenstoe and George Backenstoe; Grace Daugherty (formerly Backenstoe) married Maurice Patrick Murnan, now deceased, on July 15, 1915, and that said Murnan died in May, 1937, leaving Grace

Daugherty Backenstoe Murnan as his surviving widow.

Many other defenses are set forth in such answer as filed by Raymond W. Kilbourne, executor of the estate of Grace Daugherty Murnan, deceased, which are not necessary to set out in detail.

Thereafter, one Willard Backenstoe, a brother of George Backenstoe; Julia Meagher, a grandniece of Maurice Patrick Murnan; and Herman Murnane, a grandnephew of Maurice Patrick Murnan, were, upon their respective applications, made parties defendant, and each of said parties filed an answer and cross-petition. Each of said parties attacked the validity of the judgment of divorce obtained by Grace Backenstoe in Cuyahoga County on November 7, 1912.

Appropriate answers and replies were filed by the several parties to bring the matter to an issue. At the beginning of the trial, counsel for the defendant Raymond W. Kilbourne, executor of the estate of Grace Backenstoe Murnan, by motion directed to the court orally, asked for judgment on the pleadings as to the petition and the several cross-petitions. These motions were sustained by the trial court, and judgments accordingly were entered, dismissing such petition of the plaintiff and the cross-petitions of Willard Backenstoe, Julia Meagher and Herman Murnane.

It is from the judgments so entered that appeal has been perfected to this court on questions of law.

For the purpose of this discussion, one question is determinative of the matter before us, and that is: May a judgment of divorce, granted by a court of competent jurisdiction in November, 1912, be vacated approximately thirty-seven years after the judgment of divorce, on the ground that the party to whom such judgment was awarded was guilty of fraud in securing the jurisdiction of such court, where the parties seeking such vacation are the administrator of one who married the party granted the judgment of divorce, the claimed heirs at law of such latter spouse, and the claimed heir at law of the divorced husband of the deceased party to whom the judgment of divorce was awarded?

It must be noted that this petition to vacate the judgment of divorce was filed many years after such judgment was entered by the Court of Insolvency of Cuyahoga County, admittedly a court vested with jurisdiction to hear and determine petitions for divorce. The instant action is not brought or defended by the parties to the divorce action, nor is it sought by the husband who later married the claimed guilty party to that divorce action. All of such parties are dead.

The instant action must be determined according to the law as it existed at the time the decree was entered.

We do not deem it necessary and hence do not express an opinion as to the present right to maintain an action to vacate a divorce judgment on the ground of fraud.

A full and complete discussion of the policy of the law as it existed prior to the amendment of **Section 6 of Article IV of the Ohio Constitution** on September 3, 1912 (effective January 1, 1913, as to all cases arising after the effective date of such amendment), is found in the recent case of **Jelm v. Jelm, 56 Abs 364**, decided by the Eighth District Court of Appeals on February 27, 1950. It was there said (at pp. 368–369):

"Prior to the constitutional amendment of 1912, reviewing courts of this state were without jurisdiction to review a decree of divorce as distinguished from alimony and property matters. This doctrine of absolute finality applied to proceedings in error as well as to other modes of review. Thus **up to the time of the constitutional amendments of 1912, divorce decrees**, their sanctity and finality under numerous authoritative decisions, could not be reviewed, modified or reversed upon appeal or error and **could not be vacated by an original bill in equity or by any statutory proceedings after term, no matter how gross the fraud practiced by the prevailing party.**

"The leading case in support of this doctrine is **Parish v. Parish (1859) 9 Oh St 534**, 75 Amer. Dec. 482, where the court refused to grant relief upon an original petition or bill in equity after term, although the divorce decree had been obtained by fraud. This was followed by other cases.

"See: Solomon v Solomon (1904) 4 O. C. C. (n. s.) 321; Casto v. Casto (1907) 10 O. C. C. (n. s.) 265; **Mulligan v. Mulligan (1910) 82 Oh St 426**; Epstein v. Epstein (1909) 17 O. C. C. (n. s.) 321." (Emphasis ours.)

It is the opinion of the members of this court that such statement correctly and authentically states the law applicable to the matters raised by this appeal.

The judgments dismissing the petition and the several cross-petitions are affirmed.

DOYLE, J, and FESS, J, concur.